<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHANDOS GRIFFITH, | |
| Plaintiff, | Civil Action No. 19-15669 (JMV) (MF) |
| v. | |
| MICHAEL TRAENDLY, et al., | **OPINION** |
| Defendants. | |

**VAZQUEZ, District Judge:**

Plaintiff, a state prisoner, is proceeding *pro se* with a civil rights action pursuant to 42 U.S.C. § 1983. For the reasons stated in this Opinion, the Court will dismiss the Complaint without prejudice.

## I.  BACKGROUND

This case arises from an incident involving Plaintiff's parole. Plaintiff names parole officers Michael Traendly and Cherita Hall as Defendants in this matter. According to Plaintiff, on February 6, 2019, Plaintiff reported to his parole office. At the office, Defendant Traendly accused Plaintiff of attempting to conceal a cell phone and of violating parole because he was not permitted to have a phone.[1] Plaintiff contends that a different officer approved the phone the week prior but that the approval was "not documented." (D.E. 1, at 5–6.)

---

[1] The Court takes judicial notice of Plaintiff's records on the New Jersey Department of Corrections' inmate search engine. It appears that Plaintiff is a sex offender and is subject to an order of parole supervision for life.

Defendant Traendly then took the phone, searched it, and demanded to know the four-digit pin for an application on the phone. Plaintiff maintains that the search was without probable cause and demanded a lawyer. Shortly after, Plaintiff began bashing his head with his fists and threatening suicide. (D.E. 1, at 6.) This occurred because Plaintiff was off his medications since "the prison gave [him] the wrong meds." (*Id*.) Additional officers, presumably including Defendant Hall, appeared and watched the events transpire. Defendant Traendly then accused Plaintiff of giving him the wrong pin number. Plaintiff, however, contends that he was so unstable and confused that he had no idea what was going on. Ultimately, the officers guessed the pin number and accessed the phone. They then "forced" Plaintiff to make a statement and took him to jail. (*Id*.) Afterwards, it appears that Plaintiff's parole was revoked, and Plaintiff was again incarcerated at Northern State Prison.

In July of 2019, Plaintiff filed the instant Complaint, seeking damages for violations of his Fourth and Fifth Amendment rights, his immediate release, the "removal of all special internet conditions" against him, and the removal of his case from parole. (*Id*.) Additionally, Plaintiff would like parole to pay for therapy and sex offender counseling.

In October of 2020, the Court terminated this matter as it did not have Plaintiff's current address. In November of 2020, Plaintiff advised that he is no longer at the prison, provided his new address, and stated that he was facing new criminal charges as a result of the events above. (D.E. 8.) It appears that in February of 2021, Plaintiff was convicted on those charges and was again incarcerated.

## II. STANDARD OF REVIEW

District courts must review complaints in civil actions in which a prisoner files suit against "a governmental entity or officer or employee of a governmental entity" and in cases where the

plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. §§ 1915A(a), 1915(e)(2). District courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2). When considering a dismissal for failure to state a claim on which relief can be granted, courts apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Consequently, to survive screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III.   DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights under the United States Constitution. To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Com. of Pa.*, 36 F.3d 1250, 1255–56 (3d. Cir. 1994)). In this case, Plaintiff appears to contend

that Defendants searched his phone without probable cause in violation of the Fourth Amendment and forced him to confess in violation of the Fifth Amendment.[2]

In *Heck v. Humphrey*, 512 U.S. 477 (1994), however, the Supreme Court limited a § 1983 plaintiff's right to recover for certain causes of action if the plaintiff has been convicted on charges directly related to the § 1983 claim.  In particular, *Heck* restricts a plaintiff's ability to recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Heck*, 512 U.S. at 486.  In order to recover damages in such a case, a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87.  Accordingly, when a prisoner seeks damages in a civil suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

In addition, the Third Circuit has held that *Heck* applies with equal force to a § 1983 action that would imply the invalidity of a decision to revoke parole that has not already been invalidated. *See, e.g.*, *McKinney v. Pennsylvania Bd. of Prob. & Parole*, 405 F. App'x 646, 647–48 (3d Cir. 2010) (citing *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006)).

With those principles in mind, a judgment in Plaintiff's favor in this matter "would completely erode the basis for his [revocation of parole], implying that the [revocation] was

---

[2] The Fourth and Fifth Amendments are applicable to the States through the Fourteenth Amendment. *E.g.*, *Albright v. Oliver*, 510 U.S. 266, 272 (1994).

4

invalid." *Cf. Robinson v. New Jersey State Police*, No. 11-06070, 2012 WL 5944298, at *2 (D.N.J. Nov. 27, 2012). Additionally, it appears that Plaintiff was later convicted on the new charges stemming from Defendants' actions. Consequently, a judgment in his favor would also erode the basis for that conviction. Given that Plaintiff's revocation of parole and criminal conviction have not been overturned by any of the means discussed above, the Court dismisses his Fourth and Fifth Amendment claims as *Heck* barred. *See id.*

Finally, to the extent Plaintiff seeks his immediate release or to invalidate his sentence, the conditions of his sentence, or his parole supervision for life, "such remedies are not available in a § 1983 suit." *See, e.g.*, *Slaughter v. Christie*, No. 15-8327, 2016 WL 6804877, at *2 (D.N.J. Nov. 16, 2016). The Supreme Court has held that when "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Moreover, parole supervision for life falls under this category as it "is a special sentence imposed upon sex offenders" and constitutes a form of custody. *Slaughter*, 2016 WL 6804877, at *2 (citing *Maleng v. Cook*, 490 U.S. 488, 491 (1989); *State v. Schubert*, 212 N.J. 295, 307 (2012)). Accordingly, Plaintiff can only pursue his requests for injunctive relief through a federal habeas petition. The Court will dismiss those requests without prejudice.

### IV. CONCLUSION

For the reasons set forth above, the Court will dismiss the Complaint without prejudice. An appropriate Order follows.

Dated: 3/10/21

JOHN MICHAEL VAZQUEZ
United States District Judge

5